IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHINEHAS W. THOMAS-EL, ex rel., § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-2676 |
| § | |
| NISSAN MOTOR ACCEPTANCE § | |
| COMPANY, et al., § | |
| § | |
| Defendants. § | |

**ORDER**

The plaintiff, Phinehas W. Thomas-El, filed his complaint on July 21, 2023, (Docket Entry No. 1), but he has not paid the filing fee under 28 U.S.C. § 1914 and has not moved under § 1915 to proceed without prepaying the fee. That alone is cause to dismiss his complaint. Additionally, it is apparent from the face of the complaint that the court lacks subject-matter jurisdiction. This case is accordingly dismissed, without prejudice.

**I.      Background**

Thomas-El alleges that the defendant, Baker Nissan North, Inc., "coerced" him into having a co-signer on his contract to purchase a vehicle. (Docket Entry No. 1 at 5). He alleges that Baker Nissan required a co-signer because he was purchasing the vehicle through a trust "as [Thomas-El] had no income due to all earnings being assigned to the trust." *Id.* When the trust tendered payment for the vehicle, Baker Nissan "responded with a letter stating that the instrument could not be negotiated because of a 'restricted endorsement.'" (*Id.*). He alleges the trust then made "another remittance to cure the deficiency removing the 'restrictive endorsement.'" (*Id.*). "Neither instruments were returned nor was the trust provided any proof of dishonor." (*Id.*). Thomas-El

demanded arbitration under his contract with Baker Nissan, which contains an arbitration clause. (*Id.*). Baker Nissan allegedly "responded with a 'Notice of Default' with the threat of 'Repossession' of the private motor carrier." (*Id.*).

Thomas-El asks the court to compel arbitration and "provide a stay of the Defendants' Notice of Default." (*Id.* at 6). In the alternative, Thomas-El prays for:

1. Injunction against any adverse actions;
2. The release of lein [*sic*] and delivery of the Certificate of Title;
3. The return of trust property being the money or money's worth (26 CFR § 301.6323(h)-1-Definitions.) received by the Defendant(s)on or around June 9, 2022 and Septmeber [*sic*] 1, 2022, respectfully;
4. Any other penalties and or fines as this Court may deem proper and necessary.
5. Remove all negative mark on JERRY W. THOMAS JR and WILLIAM D THOMAS credit profile.

(*Id.*)

## II. Legal Standard

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014). Federal courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. A case can "aris[e] under" federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The first is when federal law creates the cause of action asserted. *Id.* The second is when the cause of action is a creature of state law but necessarily raises a federal issue that is "actually disputed and substantial" and "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

Federal courts have diversity jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Vantage*

2

*Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam).  "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certs. Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017).

Courts have a duty to ensure that subject-matter jurisdiction exists.  *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  When a court discovers that it lacks subject-matter jurisdiction, "*sua sponte* dismissal is mandatory."  *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).  Dismissal must, however, be without prejudice to refiling in a forum of competent jurisdiction.  *Id.* at 498.

### III.   Analysis

Thomas-El alleges that the court has both federal question and diversity jurisdiction. (Docket Entry No. 1 at 2).  Diversity jurisdiction is lacking on the face of the complaint because Thomas-El, Nissan Motor Acceptance Company, and Baker Nissan are Texas citizens.  (*Id.* at 3). In support of the existence of federal-question jurisdiction, Thomas-El alleges that the following federal laws are at issue:

> 9 U.S. Code § 2 - Validity, irrevocability, and enforcement of agreements to arbitrate Treaty of Peace and Friendship of 1786 between United States and Morocco; 1836; 28 U.S.C. § 1332 (a) Diversity; Article I, Section IO, Clause l; Article Six (6) of the United States of America Republic Constitution; UCC 9-307; UCC 1, 2, 3, 4, 4A, 8, & 9; 31 CFR Part 328· - PART 328~RESTRICTIVE ENDORSEMENTS OF U.S. BEARER SECURITIES;; 18 U.S.C. 24- Conspiracy against Rights; 15 U.S. Code § 1 - Trusts, etc, in restraint of trade illegal; 15 U.S. Code § 4-Jurisdiction of courts; duty of United States attorneys; procedure; 15 U.S. Code § 15(a)-Amount of Recovery; 15 U.S. Code Subchapter V - DEBT COLLECTION PRACTICES; 26 CFR 1.671-5(22)i, 50 USC 4305(b)(2);

(*Id.* at 2).

This case does not arise under any of these laws.  The cause of action is not federal and there are no federal issues that are "actually disputed and substantial."  Thomas-El's invocation of

the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides no jurisdictional basis because that Act does not create federal jurisdiction. *Beneficial Nat. Bank, U.S.A. v. Payton*, 214 F. Supp. 2d 679, 682 n.3 (S.D. Miss. 2001); *see also* § 4 (a party may petition a court to compel arbitration if the court "would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties"). Additionally, Thomas-El has not paid the required filing fee, 28 U.S.C. § 1914, or moved to proceed *in forma pauperis*, § 1915.

The case is dismissed.

SIGNED on September 29, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge